### DREYER v SCHREIBER

Ohio Appeals, 5th Dist, Stark Co

No. 973. Decided October 17, 1929

**HOUCK, J.**

As to the claimed error in the admission and exclusion of testimony we need but to say that we find no errors of any substantial nature or such that would warrant a reversal of this judgment.

We have read the general charge as given by the trial Judge and we are satisfied that it is a clear and concise exposition of the law governing the issues raised by the pleadings and the proven facts in the case.

It is true that if conflicting charges are given by the trial Judge such as mislead the jury, that it is ground for reversal, but such does not appear in the record before us.

**Ins. Co. v. Ins. Co. 5 OS. 450.**

**National Malleable Cast Co v Luscom, 6 C. D. 313**

**Insurance Co. v. Reed, 33 OS. 283.**

It is urged by learned counsel for plaintiff that the trial Judge committed prejudicial error in giving to the jury the following, pertaining to the question of contributory negligence:

"It was the duty of the plaintiff as well, even though she was riding by invitation in some one else's car, to exercise ordinary care. It was her duty to be on the look-out and use such influence and authority and power as she had under the circumstances to avoid an accident to avoid injury both to others and herself."

A careful reading of this charge leads but to one conclusion when the issues raised by the pleadings and the evidence offered in the case are considered. This charge was and is clearly applicable and pertains to the issues raised by the pleadings and the evidence offered in the trial. Thus it follows that there is no prejudicial error in this respect.

The trial Judge at the request of the defendant before argument gave in writing the following request, designated as number 2, which is claimed to be erroneous and prejudicial to the rights of the plaintiff:

"When a person without fault is placed in a situation of danger, he is not to be held to the same care and circumspection that prudent persons would exercise where no danger is present. The question in such a case is not what a careful person would do under ordinary circumstances, but what would he be likely to do or might reasonably be expected to do in the presence of such existing peril. And I therefore say to you that if the defendant without his fault, suddenly found himself in a dangerous situation, the question for you to determine is whether or not a careful person exercising ordinary care under all the circumstances existing at the time would likely have acted as he did, and if you so find, then he is not guilty of negli-

gence and the plaintiff cannot recover in this case."

A citation of authorities is unnecessary as to the question of the right and duty of a trial Judge to give written requests before argument. It is his duty to give them if they are correct propositions of law pertaining to the issues raised by the pleadings and the facts proven on the trial. However, he is not required to give written requests before argument, even though they may be correct propositions of law standing alone, if they do not pertain to the issues in the case and the facts adduced on the trial. The request challenged when applied to the evidence offered on the trial, as contained in the bill of exceptions is pertinent to the proven facts, and the trial Judge did not commit prejudicial error in giving request No. 2.

Did the trial Judge prejudicially err in in charging the jury as to the law of the road?

We cannot understand how counsel for plaintiff can make this claim in face of the fact that special request No. 1 in writing before argument as to the law of the road was given by the trial Judge at the request of counsel for plaintiff. We have examined the charge and compared it with the law as given in the general charge upon the same subject and we find no prejudicial error in this respect.

Is the verdict against the manifest weight of the evidence? We must and do answer this in the negative.

Having examined all of the claimed errors in this case we find none of a prejudicial nature and that the judgment is in response to the evidence and the law, and therefore should be affirmed, which is now done.

Lemert, J, and Sherick, J, concur.